Good morning ladies and gentlemen. I can assure you if there is a fire, we'll continue the arguments this morning, but until then, we'll move forward. Mr. DiCastro. Good morning. May it please the court, my name is Pablo DiCastro. I'm here for Charles Harper, a criminal defendant, appealing his sentence after a plea of guilty. As I'm sure you're aware from the briefs, it's a fairly simple case. There's only two issues. The briefs were fairly short, and I'm sure it appears on its face to be a fairly simple matter. A criminal defendant who believes his sentence is longer than he would like. I'm sure it does not seem remarkable, and it could easily be dismissed with a shrug and a tough look, Mr. Harper. But I think if you look more deeply at it, the questions actually do become more interesting. The first question is about whether the court should have applied a consecutive or a concurrent sentence. And it's not about whether the court reached the right conclusion, it's about how he got there. It is, like I said, it seems as though a criminal defendant complaining about a longer sentence is not such a big deal, but a criminal court, a district court, who first asks, who begins with the presumption of a longer sentence and looks for justifications to go down, we think is getting it 180 degrees away from the policy that the United States claims to follow. The 3553A begins with the sentence, sufficient but not greater than, or with the cause rather. The sentence should be sufficient but not greater than necessary. Everything else in the case law, in treatises written on the matter, in legal scholarship, in the high-minded concepts of due process indicate we should begin with doing as little as possible to the individual. The power of the government is being brought to bear on an individual. And it's incumbent on the government to exercise some restraint at every level, from the officers to the prosecutors to the courts. There should be some restraint. They should begin with the presumption that we should do the least to this individual that we can under the circumstances, and then look for justifications to do more if it's necessary. Not the other way around. The court's statement on the record that the defendant had not shown enough justification for the concurrent sentence, I believe is just taking the wrong approach. And I do believe this presents a more serious question than it might appear at face value, and it's worth considering. Maybe in the end the court would reach the same conclusion, but it's worth considering it from the right point of view. The presumption should be the lesser of the two, not the greater of the two. The second question is similar. The government does a very good job in its brief of laying out what the court might have been thinking with regard to whether or not to give Mr. Harper credit, to reduce his sentence, to give him credit for the time that he served in federal custody. It's possible that the court considered it and decided against it, but I don't think the record is clear that that's what he did. And the government might be right that that was the court's thinking, but they had to read between the lines to get there. And Cunningham tells us that the defendant himself, Mr. Harper, shouldn't have to read between the lines after his sentencing to find out or to figure out what just happened to him. The judge did say that a concurrent sentence was inappropriate, given the seriousness of this armed robbery and your client's lengthy and serious record. I don't disagree. What I'm talking about here, though, is the second question of whether to reduce that sentence by the 21 months. Please. A fire has been reported in another area of the building. You are in a safe area. Please stay in your work area and await further instructions. Do not use the elevators. May I have your attention, please? A fire has been reported in another area of the building. You are in a safe area. Please stay in your work area and await further instructions. Do not use the elevators. Thank you. What I meant to address here, Your Honor, is the second question that was posed at the sentencing, which was whether or not if the sentence was not to be concurrent but consecutive, then that raised another question of whether the total sentence should have been reduced by the 21 months that he was in federal custody on a writ. He was technically in state custody. His federal time doesn't start until the day of his sentencing, but he was here at the MCC for 21 months, most of that time working as a cooperator for the government. He withdrew from that cooperation agreement. He gets no benefit for it, but worse than that, the government doesn't even want to give him credit for the time he was there at their behest, essentially, at their beck and call. He got credit for that time against his state sentence, and that's why the question is worth asking. I understand that the court, again, might come to the same conclusion. The court might consider this question and decide, as the government has argued, that he doesn't deserve that credit. It may be, but the record is not clear, and due process requires that the defendant be made aware of what's going on, that these are separate questions. They're not the same question. They're related, but they're different. Well, he knew he had already been awarded credit in the state sentence for that time because the state went first. Yes, but as cited in the brief, there's a Cruz case that indicates that in these situations, the court does have the discretion to give credit. The only way to give credit for the time he spent in federal custody on the federal sentence is to reduce the total federal sentence to account for it. But the judge doesn't have to. He doesn't have to, but he has the discretion to do it, and my position is that under Cunningham, he has the obligation to address the question and come to a decision. It's possible that his decision might not change on remand, but the defendant has the right to stand there and have these things explained at the sentencing hearing. The question was raised by me. Why does the judge have to explain why he's not giving double credit? Because it's a legitimate question within his discretion, and in exercising his discretion not to give somebody an available sentencing credit, I think that has to be addressed. We raised the question, and we basically conceded it as moot, assuming the consecutive sentence. We said, we don't have to get to that if the sentence is going to be consecutive. And the court, much later on, decided it was not going to be a consecutive sentence, and we didn't revisit that question. And that may be as much my own fault as anybody's, but the record's still not clear, and I think the defendant deserves to have a clear record. And with that, if there are no more questions, I believe my time is up. Thank you. Mr. Durkin. Thank you. Good morning. May it please the court, my name is James Durkin, and I represent the United States. The district court here did not abuse its discretion in imposing a within-guideline sentence on count three to run consecutively through the defendant's unrelated state court sentence. In a case like this, the district court has discretion to select whether the sentence that it imposes will run concurrently or consecutively to other sentences that have been imposed in state proceedings. Here, the district court did not begin with the presumption of the longest sentence and then require the defendant to provide justification for a reduction of that sentence. Instead, the district court started with the fact that there was no overlap between the instant federal offense and the unrelated state court offense. Before imposing its sentence in this case, the district court reviewed and addressed each of the defendant's sentencing arguments, including his arguments in favor of a concurrent sentence on count three. Well, he is, they're all jewelry store robberies, right? So he is a serial jewelry store robber. He's a serial criminal and armed robberies are one of the crimes that he commits. Before imposing its sentence in this case, the district court also addressed all of the relevant 3553A factors and provided a detailed statement of reasons for its sentence. And the district court had good reason to impose a concurrent sentence in this case. Specifically, the district court noted the very serious nature. Consecutive sentence. I'm sorry, a consecutive sentence. Thank you, Your Honor. The district court noted the very serious nature of the defendant's instant offense, which included physically dragging the victim around the store while pointing a gun at him before the defendant shot out the glass door of the store to escape into the street. And the district court considered the history and characteristics of the defendant and noted the defendant's extensive and serious criminal history, which included double digit convictions for offenses like armed robbery, drug offenses, unlawful use of a weapon, and assault. After considering these factors, the district court found that any mitigating circumstances were outweighed by the defendant's extensive criminal history and by his conduct in this case. May I have your attention, please? May I have your attention, please? The fire alarm has been investigated and the area is all clear. You may return to your work area and resume normal activities. May I have your attention, please? May I have your attention, please? The fire alarm has been investigated and the area is all clear. You may return to your work area and resume normal activities. So the record reflects that the district court offered a more than adequate statement of reasons, justifying its within guideline sentence on count three to run consecutively to his unrelated state court sentence. With respect to the defendant's secondary argument, he's not entitled to remand for reconsideration of the issue of credit for time served when he was in federal pretrial custody because he already made that argument to the district court. As your honors noted, there was a lengthy discussion at the sentencing hearing about the fact that the 21 months the defendant spent in pretrial custody at the MCC was not credited towards his federal sentence, but instead was credited towards his state court sentence. Defendant asked the district court to take that into account by imposing the sentence on count three to run concurrent with his state court sentence. The district court considered that argument and rejected it. And I think defendant's argument here is no different. So to ask the district court to now reconsider the time spent in federal pretrial custody is no different than asking for a concurrent sentence. It's not as if the defendant was not being credited for the time spent in federal pretrial custody. It's just that that time went to his state court offense. Right. It's the difference between a fully concurrent sentence and a partially concurrent sentence. Correct. To reduce his sentence for the time spent in federal pretrial custody would just be the equivalent of imposing a partially concurrent sentence on count three. What does the statute say with regard to giving credit for time served on the sentence imposed? It's not a requirement. In other words, the judge does not have to give it. It's an option? Correct. The time spent in federal custody was because the state was in primary. I understand it was given to state court, but I'm talking about if we just look at the federal offense, the federal offense has a certain period of time for which the judge imposed, I don't know how many months it was. Does the statute itself, or is there a statute which covers what time served, already time served, just in the federal system, has any basis with regard to the sentence imposed by the district court judge? I believe it was in the district court's discretion whether to impose it. The statute makes it within the discretion? Yes. So if there are no other questions from the court, I would ask that the court affirm defendant's sentence. Thank you. How much time? Three minutes. Thank you. First, with respect to your most recent question, Your Honor, I think the case that most clearly lays it out, and it is in the discretion of the court, is the Cruz case, which was cited in the briefs, if you wanted to look at that. And again, I would concede that it's within the discretion of the court. You didn't have to give him credit, but I think because it's within his discretion, and any exercise of discretion that could result in a higher or a lower sentence, I think the presumption should begin with the lower sentence and look for justifications to go up, not the other way around. That is just sort of a philosophical point of view that I think is laid out pretty well in the statutes, and I understand reasonable minds might disagree with that. But the court saying, quote, there's not sufficient justification based on the record to impose a concurrent sentence in this case is, I think, an indication that the court was looking at it from the wrong point of view. And maybe I'm reading too much into it, and the court may not agree with me, but I think this is a legitimate question, and it's something that deserves consideration, as is the question whether he should be given credit for time that he was sitting here at the MCC at the government's bidding, essentially. This is something the court could have done and doesn't have to do and should consider whether to do or not and should explain to the defendant whether he wants to do it or not. There was a discussion on the record about whether to give him credit. I did bring it up. Counsel's correct. But that discussion ended with my saying, the defense saying to the court that that question is essentially moved as long as the sentences are concurrent, which, as it turned out several, several minutes later, they weren't going to be. So in the discussion, I believe the issue was lost, and it needs to be addressed. Thank you. Thanks to both counsel, and the case will be taken under advisement.